Opinion issued January 13, 2005






 



In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00031-CR




DEDRICK TODD RIGGS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 948244




MEMORANDUM OPINION
          Appellant, Dedrick Todd Riggs, pleaded not guilty to two charges of
aggravated robbery, one committed against Maria Jiminez and one committed against
Maria Corona. The jury found him not guilty of the aggravated robbery of Corona
and guilty of the aggravated robbery of Jiminez. The trial court sentenced appellant
to 18 years in prison. In one point of error, appellant asserts that the evidence was
factually insufficient to prove that appellant “used and exhibited a deadly weapon, to
wit: a firearm.” We affirm.
BACKGROUND
          On Thursday, April 10, 2003, Maribel Corona (“Maribel”) and Maria Jiminez
were working at a taco stand owned and managed by Maria Corona (“Corona”). 
Jiminez testified that, at approximately 11:20 p.m. that evening, appellant walked up
to the window of the taco stand, pulled up his shirt, pointed to a pistol he had
concealed underneath his jacket, and demanded money. Jiminez also testified, during
cross-examination, that appellant took out the pistol but did not point it directly at
anyone. According to Jiminez’s testimony, Maribel was very nervous and asked her
if she should give appellant the money. Jiminez related to the jury that appellant told
Maribel to hurry and, after pushing a plastic bag towards her, said, “Give me the
money, put it in the bag.” According to Jiminez, Maribel surrendered a “bundle” of
money, and appellant ran into a nearby apartment complex.
                                                       DISCUSSION
          Appellant asserts that the evidence was factually insufficient because “a neutral
review of all the evidence, both for and against the finding, demonstrates that the
proof of ‘exhibiting a deadly weapon’ is so obviously weak as to undermine
confidence in the jury’s determination.” 
          In a factual sufficiency review, we view all the evidence in a neutral light, and
we will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004)). We should not substitute our judgment for that of the
fact finder. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). 
          A robbery becomes an aggravated robbery if the actor “uses or exhibits a
deadly weapon.” Tex. Pen. Code Ann. § 29.03(a)(2) (Vernon 2003); McCain v.
State, 22 S.W.3d 497, 501 (Tex. Crim. App. 2000). The Court of Criminal Appeals
has interpreted the phrase “uses or exhibits a deadly weapon” in the aggravated
robbery statute to mean “employing of a deadly weapon in any manner that facilitates
the associated felony.” McCain, 22 S.W.3d at 502 (citing Patterson v. State, 769
S.W.2d 938 (Tex. Crim. App. 1989)). A deadly weapon is exhibited when it is
consciously shown, displayed, or presented to be viewed. Coleman v. State, 145
S.W.3d 649, 652 (Tex. Crim. App. 2004). 
          Appellant’s argument is without merit. From Jiminez’s testimony, a rational
jury could have found that the pistol was used or exhibited by appellant during the
robbery and appellant presented no evidence to the contrary. See McCain, 55 S.W.3d
at 503 (holding that presence of partially exposed knife during robbery was not only
exhibition, but also “use” of deadly weapon to instill apprehension and lessen
likelihood of resistance).
          Reviewing all of the evidence in a neutral light, we find that the evidence was
not so weak that the verdict is clearly wrong and manifestly unjust, nor do we find the
contrary evidence so strong that the standard of proof beyond a reasonable doubt
could not have been met. Appellant’s point of error is overruled. 
                                                     CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).